Last Updated: February 2018
FORM 1 (ND/SD MISS. JAN. 2018)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**KELSEY ANTHONY**                                                    **PLAINTIFF**

v.                                                             **CIVIL ACTION NO. 1:18cv230-HSO-RHW**

**GULF ISLANDS WATER PARK, LLC, a Louisiana Limited Liability Corporation**      **DEFENDANT**

## CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**      2-3

    **ESTIMATED TOTAL NUMBER OF WITNESSES:**      5-8

    **EXPERT TESTIMONY EXPECTED:** Yes      **NO. OF EXPERTS:**      6

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

    Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

    The parties believe mediation will be useful at the close of discovery.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

    The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JAN. 2018)

4. **DISCLOSURE.** (Pick one)

   The following additional disclosure is needed and is hereby ordered:

   The parties have agreed to serve Rule 26 Disclosures on or before January 2, 2019.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42(b) will not assist in the prompt resolution of this action.

   Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __25__ succinct questions.

   B. Requests for Production are limited to __25__ succinct questions.

   C. Requests for Admissions are limited to __25__ succinct questions.

   D. Depositions are limited to the parties, experts, and no more than __5__ fact witness depositions per party without additional approval of the Court.

**E.**  The parties have complied with the requirements of Local Rule 26(f)(2) and (3)(C) regarding discovery of electronically stored information and have concluded as follows:

The parties have discussed likely requests for and/or production of information from electronic or computer-based media, and agree that any disclosure or production will be limited to data reasonably accessible to the parties in the ordinary course of business. The parties will produce any discoverable electronically stored information to each other by printing out hard copies of such information or by providing scanned images of the information.

Counsel for the parties have instructed their clients regarding the potential forms of ESI and the need to preserve all potentially discoverable ESI for possible production in the manner described above.

**F.**  The court imposes the following further discovery provisions or limitations:

☑ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☑ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☐ 5. Other:

Additional information:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for __JURY TRIAL__ during a __three-week__ term of court beginning on: __February 3, 2020__, at __9:00__, __a.m.__, in __Gulfport__, Mississippi, before United States __District__ Judge __Halil S. Ozerden__.

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS __2-3__. ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: __January 21-23, 2020__, at __9:00__, __a.m.__, in __Gulfport__, Mississippi, before United States __District__ Judge __Halil S. Ozerden__.

   C. **Discovery.** All discovery must be completed by: __July 2, 2019__.

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be filed by: __February 1, 2019__.

   E. **Experts.** The parties' experts must be designated by the following dates:

      **1.** Plaintiff(s): __March 1, 2019__.

      **2.** Defendant(s): __April 1, 2019__.

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: July 16, 2019 . The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

    A SETTLEMENT CONFERENCE is set on: September 25, 2019 , at 9:30 , a.m. in Gulfport , Mississippi, before United States Magistrate Judge Robert H. Walker .

    Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) January 14, 2020 , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3)*.

**SO ORDERED:**

December 18, 2018                   /s/ Robert H. Walker
DATE                                UNITED STATES MAGISTRATE JUDGE